U.S. Department of Justice

*United States Attorney*
*District of Maryland*
*Northern Division*

---

| | | |
|---|---|---|
| *Rod J. Rosenstein*<br>*United States Attorney*<br><br>*Michael C. Hanlon*<br>*Chief, Violent Crimes* | *36 South Charles Street*<br>*Fourth Floor*<br>*Baltimore, Maryland 21201* | *DIRECT: 410-209-4895*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-3124*<br>*TTY/TDD: 410-962-4462*<br>*Michael.Hanlon@usdoj.gov* |

January 25, 2013

The Honorable James K. Bredar
United States District Judge
101 W. Lombard Street
Baltimore, Maryland 21201

   Re: <u>United States v. Preston Steger et al.</u>
      Crim. No. JKB-13-0001

Dear Judge Bredar:

  I am writing to advise the Court of the basic background and status of the case, and to propose that a conference call be set for the Court and parties to set a schedule in the case.

  The case is a seven-defendant drug conspiracy matter, the facts of which arise substantially from an investigation in Queen Anne's County, Maryland.  All of the defendants are charged in a single count indictment with conspiracy to distribute 28 grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846.  Six of the defendants have had their initial appearances in court (the remaining defendant is currently scheduled to have an initial appearance within the next two weeks).  The current assigned counsel are as follows:

  Preston Steger - Creston Smith, Esquire

  Larry Taylor - Liz Oyer, Esquire, AFPD

  Deshawn Baxter - Christopher Nieto, Esquire

  James Carl Spires - Christopher Purpura, Esquire

  Orlando Jones - Julie Reamy, Esquire

  Lloyd George Price - Jonathan Van Hoven, Esquire

The case involves a state wiretap investigation.  Accordingly, discovery will include police and surveillance reports relating to drug seizures and proactive investigations undertaken during the wire (much of that investigation, such as on-street surveillance, is documented in the wiretap applications and in periodic reports as well as in surveillance reports); arrest records from occasional arrests of the defendants and their accomplices; reports and related materials from the search warrants conducted on the day of the original state take-down; and the wire affidavits, applications and wire recordings.  The wiretap orders were issued by the Circuit Court for Queen Anne's County.

I have conferred with counsel individually about discovery matters.  My office is currently assembling the state reports and discovery materials into an electronic, searchable format and I hope to send our initial discovery packet out early next week.  That packet will include all of the discovery originally sent in the state case, which includes police and surveillance reports, search warrants and search warrant reports, surveillance photographs, and other materials.   Wiretap materials including recordings and existing transcripts will be sent out the same day or shortly thereafter.  As soon as that initial discovery is complete I intend to prepare copies of the wiretap applications, affidavits and so forth for provision as well.  All of the discovery will be sent on compact disk and will, as noted, be searchable.  I do anticipate supplemental discovery to insure that everything has been produced, but I expect to have discovery substantially complete by the third week of February.

One point about which I am conferring with counsel is whether defense counsel are still interested in having the government produce the wire materials in any special interface with term-searchable format.  I have been advised that CJA now has a resource for putting wire materials in a good format that some attorneys seem to prefer.  I intended to produce the wire "raw materials" as soon as prepared, but I will speak with counsel about what, if any, additional formatting is necessary.  I am currently engaged in a similar discussion with counsel in another wiretap case and as we obtain information in that case it may illuminate the best course to take in this case (taking into consideration cost and timing).  This is all subject, of course, to the Court's approval.

With respect to the schedule, the government would respectfully suggest the following:

A motions deadline, perhaps a month after the completion of the provision of discovery.  As discussed above, I expect to send our first batch of discovery next week and to have our discovery substantially completed by the third week of February.  Given the nature of the case, motions concerning wire materials and other Fourth Amendment issues are a possibility;

A deadline for a motions response by the government.  The government will respond to motions on whatever date the Court deems appropriate in advance of the motions hearing; and

A motions hearing date.

The government will defer to the Court as to whether to schedule a trial date immediately, or to hold that in abeyance pending the motions hearing.  One option, if the Court wishes, would be to set a status report date prior to the motions hearing by which time the parties may advise the Court

of the likelihood of any trials in this matter.

Additionally, if agreeable to defense counsel, the government would also anticipate filing a motion to continue the Speedy Trial Act time in this case pending whatever schedule is set.

Thank you for your consideration of this matter.  The government will certainly address any additional questions the Court might have.  Assuming that the Court agrees with the proposal to arrange a conference call, I am happy to make those arrangements with chambers.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By:_____/s/_____
        Michael C. Hanlon
        Assistant United States Attorney

cc:     Counsel (via ECF)